# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ASHLEY TREMAINE WALTHALL § | |
| § | |
| v. § | A-11-CA-590 SS |
| § | |
| CLAUDE MAYE § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
    UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Ashley Walthall's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed July 13, 2011 (Clerk's Doc. No. 1); Respondent's Response to Petition for Writ of Habeas Corpus, filed September 16, 2011 (Clerk's Doc. No. 6); and Petitioner's Response to Respondent's Response Opposing Petitioner's Habeas Petition (Clerk's Doc. No. 7).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. Background

Petitioner Ashley Walthall was arrested on May 3, 2004, by the Houston police department and charged with possession with intent to distribute a controlled substance and felon in possession of a firearm. Walthall was apparently on parole at this time, as a result of a prior Texas state conviction. Texas revoked this parole term on May 11, 2004. While the record does not reflect the precise orders entered upon this revocation, it does reflect that the State of Texas considered Walthall as being in its custody on the revocation from May 11, 2004, until September 21, 2005.

During this same time, on June 10, 2004, the United States indicted Walthall as a result of the events that led to his original arrest on May 3, 2004, and on July 16, 2004, the State of Texas dropped its charges pending from the May 3rd arrest. At some point during this time period, Walthall was transferred into federal custody pursuant to a writ. Walthall went to trial in the Southern District of Texas on the federal charges, and on November 18, 2004, a jury found him guilty on all charges. On February 14, 2005, Walthall was sentenced to three 51-month concurrent sentences for possession with intent to distribute PCP, possession with intent to distribute marijuana, and felon in possession of a firearm, followed by a consecutive 60-month sentence for using a firearm during a drug trafficking offense, for an aggregated sentence of 111 months. Walthall appealed his conviction and sentence, and the Fifth Circuit affirmed them. *United States v. Walthall*, 156 F. App'x 665 (5th Cir. 2005). It is not entirely clear from the record when Walthall was transferred back into the physical custody of the State of Texas, or when he was thereafter returned to the Bureau of Prisons' custody, but it is clear that the State of Texas has treated the period from May 11, 2004, to September 21, 2005, as the time he was in the State's custody on the parole revocation.

Walthall brings his habeas claim under 28 U.S.C. § 2241, arguing that he should receive credit against his federal sentence for the time from when Texas dropped its charges on July 16, 2004, until the federal district court sentenced him on February 14, 2005. The government opposes his motion, claiming that Texas credited that time against his revoked parole.

## II.     Legal Standard

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to

2

secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the district in which the prisoner is incarcerated. *Id*.

After a district court has sentenced a federal offender, the BOP has the responsibility for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 331–32, 334 (1992). Thus, the BOP is responsible for calculating a prisoner's sentence and for determining what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences. *Id.*; *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A defendant is given credit toward his term of imprisonment for any time he has spent in official detention prior to the commencement of the sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

### III.    Analysis

The period of time for which Walthall seeks credit against his federal sentence (from July 16, 2004, to February 14, 2005) has already been credited against his state sentence. *See* Declaration of Hector Solis ¶ 3 (citing and attaching the Texas documents demonstrating Walthall received credit for the time in question). Section 3585(b) clearly and unambiguously prohibits the BOP from giving a federal prisoner credit toward his federal sentence for time that has already been credited toward another sentence. By enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

Because Walthall has already received credit toward his state sentence for the time period from July 16, 2004, to February 14, 2005, he is not entitled to receive credit again toward his federal sentence under § 3585(b). *See Leal*, 341 F.3d at 430 (holding that BOP was not required to credit

3

the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence because that time was already credited against state sentence); *United States v. Moore,* No. 00-40602, 2001 WL 1692476 at *4 (5th Cir. 2001) (finding that defendant was not entitled to credit against his federal sentence for time spent in state custody because the time had already been credited against his state sentence).

Walthall claims that after Texas dropped its charges against him "there were no outstanding charges, but rather a possible probation revocation." Petition at 4. This misstates the facts. Before Texas dropped the charges, it revoked his parole, and Texas credited his time spent in custody against his revoked parole. Thus, the BOP properly applied § 3585(b) in this case and calculated the appropriate amount of credit to be awarded against Walthall's federal sentence in this case.

Walthall admits that he received credit against his state revocation for the time in question. Still, he argues that BOP incorrectly denied him pre-sentence credit "[m]erely because Walthall was given credit by the State of Texas for the 7 months he was 'in custody' of the United States." Petition at 4. He then argues that comity and fairness dictate that he should receive double credit, but he fails to provide any Fifth Circuit precedent for doing so. The sole case he cites from this circuit, *Tijernina v. Thornburgh*, 884 F.2d 861 (5th Cir. 1989), does not support his contention. In that case, the Fifth Circuit upheld the parole commission's discretionary authority to determine whether a sentence ran concurrently or consecutively. It did not endorse Walthall's position. Because Walthall is not entitled to the additional credit that he is seeking here, his application for writ of habeas corpus should be denied.

## IV. Recommendation

The Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Ashley Walthall's

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE